IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL W. McCARRIN, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | No.:   17-cv-1691 |
| | : | |
| MARIO POLLERA, et al., | : | |
| Defendants. | : | |

**MEMORANDUM**

SITARSKI, M.J.                                                                         November 30, 2017

Presently before this Court is Plaintiff's Motion Pursuant to Federal Rule of Civil Procedure 12(e) and (f) (ECF No. 13) [hereinafter "Pl.'s Mot. Strike"]. Defendants have filed a Response, and Plaintiff has filed a Reply. (Def.'s Br. in Opp. to Pl.'s Mot., ECF No. 16; Reply to Def.'s Br. in Opp., ECF No. 17). For the reasons that follow, Plaintiff's motion is DENIED.

**I.      BACKGROUND**

For present purposes, we accept as true the facts set forth in the Complaint. Plaintiff was employed by the Philadelphia Inquirer newspaper in 1967. (Pl.'s Compl. ¶ 8, ECF No. 1; Ex. A, ECF No. 1). He worked at the Inquirer until 1969, when he entered military service. (Pl.'s Compl. ¶ 14; Ex. A, ECF No. 1). In 1971, upon completion of his military service, he returned to work at the Inquirer. (Pl.'s Compl. ¶ 15; Ex. A, ECF No. 1). Plaintiff worked for the Inquirer until 1974. He then took a twenty-five year break from employment with the Inquirer. (Ex. A, ECF No. 1). Plaintiff returned to employment at the Inquirer in 2000, and worked there until 2006. (Compl. ¶ 1, ECF No. 1; Ex. A, ECF No. 1).

In 2015, Plaintiff filed an application with the Newspapers and Magazine Employees Union and Philadelphia Publishers Pension Fund ("the Fund") for Pension Retirement benefits upon reaching full retirement age of sixty-five. (Pl.'s Compl. ¶ 1, ECF No. 1). Plaintiff requested that three years of credited service, based on his military service, be used to calculate his pension eligibility. (Ex. C, ECF No. 1). The Fund denied this request. (*Id*.). The Fund explained that to receive such credit, Plaintiff was required to have worked in "covered employment" immediately before and after his military service, and concluded Plaintiff was not employed in covered employment prior to 2000. (*Id*.).

Plaintiff appealed to the Fund's Board of Trustees. (Ex. A, ECF No. 1). The Board denied Plaintiff's appeal because "to participate in the Plan an employee was required to be a regular full-time employee on the employer's priority list," and Plaintiff was a "part-time extra employee" from 1967 through 1974. (*Id*.). Moreover, Plaintiff did not qualify for credit under the Fund's Plan because of a "break in service" from 1974 through 2000. (*Id.*).

On April 13, 2017, Plaintiff filed a three-count Complaint, alleging that Defendants breached their fiduciary duties under Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132. (Pl.'s Compl., ECF No. 1). Defendants filed an Answer on June 29, 2017, raising three affirmative defenses: (1) Plaintiff failed to state a claim for which relief can be granted under ERISA or other applicable law; (2) Plaintiff failed to exhaust all available administrative remedies; and (3) Plaintiff lacked standing because he was not a participant in the Fund's Plan during the relevant time periods. (Answer 6, ECF No. 7). On July 18, 2017, Plaintiff filed the instant Motion, seeking to strike Defendants' affirmative defenses, or alternatively, to require a more specific statement of these affirmative defenses.

## II. LEGAL STANDARD

### A. Rule 12(f)

Federal Rule of Civil Procedure 12(f) provides, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). A court should not grant a motion to strike a defense "unless the insufficiency of the defense is 'clearly apparent[ ]'" because "a court should restrain from evaluating the merits of a defense where . . . the factual background for a case is largely undeveloped." *Cipollone v. Liggett Group, Inc.*, 789 F.2d 181, 188 (3d Cir. 1986) (internal citations omitted). Accordingly, a motion to strike will not be granted if "the sufficiency of a defense depends on disputed issues of fact. Even when the facts are not in dispute, Rule 12(f) is not meant to afford an opportunity to determine disputed and substantial questions of law." *Dann v. Lincoln Nat'l Corp.*, 274 F.R.D. 139, 143 (E.D. Pa. 2011) (citation and quotation marks omitted).

Motions to strike a party's pleadings are viewed as drastic remedies, and are generally disfavored. *American Power, LLC v. Speedco., Inc.*, 2016 WL 6563671 *1 (M.D. Pa. Nov. 4, 2016); *Marin v. Secretary of the Commonwealth of Pennsylvania*, 2016 WL 1023366 *1 (M.D. Pa. Mar. 15, 2016). Such motions are appropriately granted only where the allegations "have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues." *River Road Dev. Corp. v. The Carlson Corp.*, 1990 WL 69085, at *3 (E.D. Pa. May 23, 1990). Affirmative defenses may be pleaded in general terms and "will be held to be sufficient, *and therefore invulnerable to a motion to strike*, as long as it gives plaintiff fair notice of the nature of the defense." *United States v. Consolidation Coal Co.*, 1991 WL 333694 *4 (W.D. Pa. July 5, 1991) (emphasis in original); *see also Tyco Fire Prods. LP v. Victaulic Co.*, 777 F. Supp. 2d 893, 901 (E.D. Pa. 2011).

**B.     Rule 12(e)**

Federal Rule of Civil Procedure 12(e) provides that a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding."). A Rule 12(e) motion "must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e); *Thomas v. Independence Twp.*, 463 F.3d 285, 301 (3d Cir. 2006).

**III.     ANALYSIS**

Plaintiff's motion argues that Defendants' three affirmative defenses should be stricken.[1] The Court examines each affirmative defense in turn. For the reasons that follow, Plaintiff's motion will be denied.[2]

---

[1] Plaintiff alternatively requests that Defendant supply a more definite statement of each affirmative defense, pursuant to Rule 12(e). This request is denied because Rule 12(e) is inapposite. The purpose of Rule 12(e) is to provide an answering party with adequate notice of the claims asserted against that party, before a responsive pleading is filed. *See Swierkiewicz*, 534 U.S. at 514; *see also Clark v. McDonald's Corp.*, 213 F.R.D. 198, 233 (D.N.J. 2003). Thus, a Rule 12(e) motion may be filed when "a responsive pleading is allowed." Fed. R. Civ. P. 12(e). Here, Plaintiff's motion for a more definite statement is directed at Defendant's Affirmative Defenses. Plaintiff cannot file a responsive pleading to Defendant's Answer containing these Affirmative Defenses, unless ordered to do so by the Court. *See* Fed. R. Civ. P. 7(a)(7). There is no such order here, so Plaintiff's 12(e) motion will be denied. *See Kleppinger v. Texas Dep't of Transportation*, No. 10-124, 2012 WL 12893653, at *1 (S.D. Tex. Aug. 10, 2012) (denying plaintiff's 12(e) motion directed at defendant's answer and affirmative defenses); *Tobin v. Univ. of Maine Sys.*, No. 98-237, 2000 WL 863228, at *2 (D. Me. Mar. 3, 2000) (same); *Armstrong v. Synder*, 103 F.R.D. 96, 100 (E.D. Wis. 1984) ("[W]here a responsive pleading is not required or permitted, a motion under Rule 12(e) for a more definite statement is inappropriate.").

A.      **Failure to State a Claim**

Defendants raise the affirmative defense that "Plaintiff has failed to state a claim for which relief can be granted under ERISA or other applicable law." (Answer 6, ECF No. 7). Plaintiff contends this defense should be stricken because it is "a common law demurrer which should have been pled in a Motion to Strike," and thus, the defense was waived because it was not presented in a Rule 12(f) motion. (Pl.'s Mot. Strike 5, ECF No. 13).

Plaintiff's arguments lack merit. Federal Rule of Civil Procedure 12(b)(6) *allows* a party to assert by motion the defense that a party "fail[ed] to state a claim upon which relief can be granted," but does not *require* that defense to be raised by motion. *See* Fed. R. Civ. P. 12(b)(6). The defense that a party has failed to state a claim upon which relief can be granted can also be raised "in any pleading allowed or ordered under Rule 7(a)," or of relevance here, in "an answer to a complaint." Fed. R. Civ. P. 12(h)(2); Fed. R. Civ. P. 7(a)(2). Thus, Defendants appropriately raised this defense in their answer to the complaint. (*See* Answer 6, ECF No. 7).

Moreover, as a whole, Defendants' Answer gives Plaintiff "fair notice of the nature of the defense." *Vasquez v. Triad Media Solutions Inc.*, 2016 WL 155044, at *3 (D.N.J. 2016); *Consolidation Coal Co.*, 1991 WL 333694, at *4. For instance, Defendants' Answer denied that Defendants' Plan was formed or regulated under ERISA during the relevant period, and asserted

---

² Plaintiff argues that each affirmative defense should be stricken as a "negative defense" or denial mischaracterized as an affirmative defense. (*See, e.g.*, Pl.'s Mot. Strike 4-6, ¶¶ 2, 6, 16, 26, ECF No. 13). Plaintiff is wrong. *See Klaus v. Jonestown Bank & Tr. Co.*, No. 12-2488, 2014 WL 1024591, at *1-2 (M.D. Pa. Mar. 14, 2014) (denying plaintiff's motion to strike affirmative defenses that plaintiff lacked standing and failed to state a claim upon which relief can be granted); *Knit With v. Knitting Fever*, No. 08-4221, 2009 WL 973492, at *7 (E.D. Pa. Apr. 8, 2009) (failure to state a claim upon which relief can be granted can be raised as affirmative defense); *McCoy v. Bd. of Trustees of Laborers' Int'l Union Local No. 222 Pension Plan*, 188 F. Supp. 2d 461, 467-68 (D.N.J. 2002), *aff'd*, 60 F. App'x 396 (3d Cir. 2003) (failure to exhaust administrative remedies under ERISA is an affirmative defense subject to waiver). Plaintiff's argument on this point will not be addressed further.

Plaintiff's claim pertains to years prior to ERISA's effective date. (Answer ¶¶ 9-10). That is all that is required at this juncture. *See Mifflinburg Telegraph, Inc., v. Criswell*, 80 F. Supp. 3d 566, 574 (M.D. Pa. 2015) ("[A]llegations must exist somewhere in the pleadings such that parties and the court may draw a logical inference from the asserted defenses to the events underlying litigation.").

Because Plaintiff's argument lacks merit, and because the defense puts Plaintiff on fair notice as to its nature, Plaintiff's motion to strike this affirmative defense is denied.

### B. Exhaustion of Administrative Remedies

Defendants' second affirmative defense argues, "Plaintiff has failed to exhaust available administrative remedies and therefore his claims are [] barred." (Answer 6, ECF No. 7). Plaintiff moves to strike this defense, arguing that he exhausted all administrative remedies. (Pl.'s Mot. Strike ¶ 14, ECF No. 13).

Plaintiff's argument essentially asks this Court to decide the merits of the defense at this very early juncture, before the issues have been appropriately developed and presented to the Court. In order to strike this defense, the Court would have to find that Plaintiff exhausted all administrative remedies, and thus, conclude the defense is insufficient. *See Cipollone*, 789 F.2d at 188 (a motion to strike a defense should not be granted unless the insufficiency of the defense is clearly apparent). However, "a court should restrain from evaluating the merits of a defense where, as here, the factual background for a case is largely undeveloped." *Cipollone,* 789 F.2d at 188. Instantly, the only reference to administrative remedies is provided in letters from the Board of Trustees attached as exhibits to Plaintiff's complaint. (Ex. A, ECF No. 1; Ex. C, ECF No. 1). Without a factual background, this Court is unable to conclude what the available administrative remedies are, and whether Plaintiff exhausted them. In any event, Defendants'

6

defense gives Plaintiff fair notice as to its nature: the Answer claims, "Plaintiff has failed to exhaust all Plan Administrative remedies . . . ." (Answer ¶ 18, ECF No. 7). That is all that is required at this time. *See Mifflinburg*, 80 F. Supp. 3d at 574.

Because Plaintiff's motion to strike requires the Court to decide the merits of the defense, and the defense puts Plaintiff on fair notice as to its nature, Plaintiff's motion to strike this affirmative defense is denied.

### C. Lack of Standing

Defendants' third affirmative defense argues, "Plaintiff is without standing to assert the claims set forth herein in that during the relevant time periods [because] Plaintiff was not a participant in the Plan." (Answer 6, ECF No. 7). Plaintiff argues that this defense should be stricken because "[f]iling an affirmative defense that asserts [P]laintiff does not have standing when admitted pleadings show Defendants recorded Plaintiff['s] plan participation is improper." (Pl.'s Mot. Strike 5, ECF No. 13).

Plaintiff again asks this Court to evaluate a defense on the factual merits. The dispute over whether Plaintiff has standing as a plan participant can only be resolved by deciding the merits of the defense, requiring further development of the factual and legal background. As discussed above, it is inappropriate for the Court to evaluate the merits of a defense where the factual background is largely undeveloped. *Cipollone*, 789 F.2d at 188.

Furthermore, Plaintiff has been given "fair notice of the defense." *Mifflinburg*, 80 F. Supp. 3d at 574. Under ERISA, a civil action may be brought "by a participant or beneficiary . . . ." 29 U.S.C. § 1132. Defendants' third affirmative defense specifically states that Plaintiff lacks standing because "during the relevant time periods Plaintiff was not a Participant in the Plan." (Answer 6, ECF No. 7). The Answer also avers that Plaintiff was

7

denied benefits because "Plaintiff was not eligible to participate in the Defendant Pension Plan[,]" and "he had not been employed in covered employment prior to the year 2000[.]" (*Id*. ¶ 17). This provides "fair notice" of the issue involved. *Tyco Fire Prods. LP*, 777 F. Supp. 2d at 901 ("[T]he requisite notice is provided where the affirmative defense in question alerts the adversary to the existence of the issue for trial."); *see also Mifflinburg*, 80 F. Supp. 3d at 574.

Because Plaintiff's motion to strike requires the Court to decide the merits of the defense, and the defense puts Plaintiff on fair notice as to its nature, Plaintiff's motion to strike this affirmative defense is denied.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion Pursuant to Federal Rule of Civil procedure 12(e) and (f) (ECF No. 13) is DENIED.

An appropriate Order follows.

BY THE COURT:

/s/ Lynne A. Sitarski
LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE