IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL W. McCARRIN, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | No.: 17-cv-1691 |
| | : | |
| MARIO POLLERA, et al., | : | |
| Defendants. | : | |

**MEMORANDUM**

**SITARSKI, M.J.**                                                                                                        **May 2, 2019**

Presently before the Court are four Motions to Strike filed by Plaintiff Michael McCarrin, (ECF Nos. 50-53); Defendants' Responses in Opposition, (ECF Nos. 54, 56-58), Plaintiff's Reply in Further Support, (ECF No. 59); and Defendants Sur-Reply in Opposition. (ECF No. 65). By Order dated March 27, 2019, the Honorable C. Darnell Jones II referred these Motions to me for disposition. (Order, ECF No. 60). For the following reasons, Plaintiff's Motions to Strike (ECF Nos. 50, 51, 52, 53) are DENIED.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

The Court will briefly summarize the factual and procedural history relevant for the instant Motions. Plaintiff Michael McCarrin, ("Plaintiff"), filed an application for retirement benefits under Defendants' Pension Plan in 2015. (Pl.'s Compl., ECF No. 1, at ¶ 1). Plaintiff believed he was entitled to seven years pension credit, equaling "$1240.40 per month beginning on December 29, 2015 continuing for his life time and the life time of his beneficiary or at least $520,968.00." (*Id.*). Plaintiff sought seven years vested credit based on: (1) three years of Military Service from 1969-71, arguing that under the Selective Training and Service Act of 1940, 54 Stat. 885, 890 (1940), he was entitled to vested pension credit for those three years in

military service; and (2) four years of employment he worked during 2000-06. (*Id.* at ¶¶ 14-30; Exs. A, B).

Defendants denied Plaintiff's application. (*Id.* at Ex. A). In their letter denying Plaintiff's appeal, Defendants first stated that even assuming Plaintiff received three years pension credit for his Military Service from 1969-71, he was no longer entitled to that credit because he stopped working in 1974, and did not resume employment until 2000. (*Id.*). Defendants noted "an absence from covered employment for a period of more than three years resulted in a total break in service and a loss of all prior service credits." (*Id.*). The Pension Processor explained "the twenty-five year gap in employment (referred to as a break in service under the Plan) from 1974 until 2000" resulted in a total break of service and a loss of any arguably vested benefits during his Military Service from 1969-71. (*Id.*).

Defendants additionally asserted that Plaintiff was not entitled to three years of pension credit for 1969-71 because he was not employed in "covered employment;" explaining that "to participate in the Plan an employee was required to be a regular full-time employee on the employer's priority list." (*Id.*). Among other requirements, a regular full-time employee on the employer's priority list "worked 260 shifts per year." (*Id.*). Plaintiff worked 44 shifts in 1967, 141 shifts in 1968, 54 shifts in 1969, 87 shifts in 1971, 106 shifts in 1972, and 165 shifts in 1973. (*Id.*). Accordingly, because Plaintiff did not complete enough shifts to qualify as "covered employment" and participate in the Plan before and after his Military Service, Defendants concluded he was not entitled to the credited service he sought. (*Id.*).

On April 13, 2017, Plaintiff filed this action against Defendants asserting violations of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001-1461, ("ERISA"); and the Selective Training and Service Act of 1940, 54 Stat. 885, 890 (1940) (the "Act"). (Pl.'s Compl.,

ECF No. 1, at ¶¶ 1-2, 12-47). He asserts that "Defendants erred as a matter of law when they found that Plan rules preempted an Act of Congress which created an enforceable right to credit for Military Service on behalf of Plaintiff and denied Plaintiff's claim for credit for Military Service. (Selective Service Act 1940, sec.8c)." (*Id.* at ¶ 2). Section 8 of the Selective Training and Service Act of 1940 governs, *inter alia*, certificates upon completion of service and restoration to prior employment positions. 54 Stat. 890, § 8(a), (c). The Act first provides that a person in service within meaning of the Act who "satisfactorily completed his period of training and service . . . shall be entitled to a certificate to that effect." *Id.* § 8(a). If an individual receives that certificate and returns to his private employer, the employer shall restore the individual to their position prior to their service, or a position of equal seniority and status.[1] *Id.* § 8(b)(B). Section 8(c) provides "[a]ny person who is restored to a position in accordance with the provisions of paragraph [] (B) of subsection (b) shall be considered as having been on furlough or leave of absence during his period of training and service in the land or naval forces, shall be so restored without loss of seniority, shall be entitled to participate in insurance or other benefits offered by the employer pursuant to established rules and practices relating to employees on furlough or leave of absence in effect with the employer at the time such person was inducted into such forces." *Id.* § 8(c). Plaintiff asserts he is entitled to three years vested pension credit under the Act. In their Answer, Defendants denied Plaintiff's allegations and

---

[1] The Selective Training and Service Act restores an individual to their prior position "or to a position of like seniority, status, and pay" only if certain requirements are met. The Act covers "any such person who, in order to perform such training and service, has left or leaves a position, other than a temporary position, in the employ of an employer and who (1) receives such certificate, (2) is still qualified to perform the duties of such position, and (3) makes application for reemployment within forty days after he is relieved from such training and service." 54 Stat. at 890, § 8(b). Plaintiff has not provided the certificate to demonstrate that he is covered under Section 8 of the Selective Training and Service Act of 1940.

reiterated the position set forth in their letters denying Plaintiff's pension application and appeal. (Defs.' Answer, ECF No. 7).

On February 4, 2019, Defendants filed their Motion for Summary Judgment. (Defs.' Mot. Summ. J., ECF No. 44). Defendants contend Plaintiff's claim relies upon a misstatement of the law. Specifically, Defendants argue the Selective Training and Service Act and other statutes that Plaintiff relies upon merely restore an employee to his position that he would have been in had he not been in military service—the Act does not grant him an unconditional right to vested credit if he would not have otherwise received that credit. (Mem. Law Supp. Mot. Summ. J., ECF No. 44-3, at 19) ("No step-up or gain in priority can be fairly implied. Congress protected the veteran against loss of ground or demotion on his return. The provisions for restoration without loss of seniority or to a position of like seniority means no more." (quoting *Fishgold v. Sullivan Drydock & Repair Corp.*, 328 U.S. 275, 285-86 (1946))). Thus, because Plaintiff was not in covered employment under the Pension Plan before and after his military service, Defendants posit the Act does not support his claim for benefits.

Further, Defendants argue summary judgment is proper because Plaintiff had a "break of service" which occurs when "an employee was absent from work for more than three (3) years." (*Id.* at 25). Defendants argue that Plaintiff was not employed from 1974-2000. Thus, assuming *arguendo* he received any credit for his military service, "under the express terms of the Plan, he lost his credited service for his previous employment" because of this twenty-five year break in service. (*Id.* at 25-26).

With their Motion for Summary Judgment, Defendants filed Exhibits in support. (Defs.' Exs. Supp. Mot. Summ. J., ECF No. 45). The exhibits include email and letter communications from Plaintiff with Defendants regarding his pension application, denial, and appeal. (*Id.*, ECF

4

Nos. 45-2, 45-3, 45-4, 45-5, 45-6, 45-7, 45-8, 45-10).  Other exhibits include Defendants' Pension Plan in effect at the time of Plaintiff's military service from 1969-71, and the 1985, 2001, 2006, 2014 amendments thereto.  (*Id.* ECF Nos. 45-13, 45-14, 45-15, 45-16).  Further, Defendants submitted affidavits from Defendant William DiFlorio, a Union Trustee, and Ms. Diane Binck, the Pension Processor for the Pension Plan's Administrator, as well the transcripts of depositions which Plaintiff took of Mr. DiFlorio and Ms. Binck.  (*Id.* ECF Nos. 45-21, 45-22, 45-23, 45-24).

In March 2019, Plaintiff filed the instant four Motions to Strike, seeking to strike Defendants' Exhibits D-14, D-15, D-16, D-17, D-18, D-21, D-22, D-23, D-24 and D-25.  (Pl.'s Mots. Strike, ECF Nos. 50-53).  By Order dated March 27, 2019, the Honorable C. Darnell Jones II referred these matters to me for disposition.  (Order, ECF No. 60).  Defendants have responded in opposition, Plaintiff has replied in further support, and Defendants filed a sur-reply.  (ECF Nos. 54, 56-58, 59, 65).  These matters are fully briefed and ripe for disposition.

## II. DISCUSSION

Plaintiff's Motions are not a model of clarity.  He seeks to strike various exhibits that Defendants submitted in support of their pending Motion for Summary Judgment.  (Pl.'s Mots. Strike, ECF Nos. 50-53; *see also* Defs.' Mot. Summ. J., ECF No. 44; Defs.' Exs. Supp. Mot. Summ. J., ECF No. 45).  Plaintiff objects to various affidavits and documents, contending that the exhibits are improper under Federal Rule of Civil Procedure 56(c)(2) and (c)(4).  Rule 56(c)(2) provides "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."  Rule 56(c)(4) states "[a]n affidavit or declaration used to support or oppose a motion must be made on personal

5

knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Relying on Rules 56(c)(2) and (c)(4), Plaintiff argues that Defendants' exhibits should be stricken because he contends the statements are made without personal knowledge, would be inadmissible as hearsay, or would be inadmissible because the exhibits are irrelevant. (*See* Pl.'s Mots. Strike, ECF Nos. 50-53).

The Court will address Plaintiff's Motions in turn. For the following reasons, Plaintiff's Motions are denied.

### A. Motion to Strike Defendants' Exhibit 22

Plaintiff's first Motion to Strike is directed to Defendants' Exhibit 22. (Pl.'s Mot. Strike D-22, ECF No. 50; *see also* Mem. in Supp., ECF No. 50-1). Defendants' Exhibit 22 is an affidavit submitted by William DiFlorio, a Union Trustee of the Newspaper and Magazine Employees Union and Philadelphia Publishers Pension Plan. (Pl.'s Mot. Strike D-22, ECF No. 50-4, at ¶ 1 (Aff. of DiFlorio)). In his affidavit, Mr. DiFlorio states that Plaintiff did not work enough shifts to qualify as covered employment within the Pension Plan. (*Id.* at ¶¶ 6-9). To qualify as "covered employment" within the Pension Plan, an employee was required to be a "Full-Time Regular Priority List Mailer" which required, *inter alia*, that the individual work 260 shifts in a year. (*Id.* at ¶ 6). Mr. DiFlorio stated that Plaintiff was employed as a "Part-Time Journeymen Extra Mailer," as evinced by records—for example—showing Plaintiff worked 44 shifts in 1967, 141 shifts in 1968, 54 shifts in 1969, and 87 shifts in 1971. (*See id.* at ¶ 8-9). Mr. DiFlorio based his conclusion on Plaintiff's self-reported employment history and the Pension Fund's own maintained records. (*Id.* at ¶¶ 8-9; *see also* Defs.' Exs. Supp. Mot. Summ. J., ECF No. 45-6 (Plaintiff's Apr. 6, 2016 Letter to the Fund Manager), ECF No. 45-12 (Defs.' Maintained Records)).

Plaintiff objects to Mr. DiFlorio's affidavit because "it is not supported by admissible evidence." (Pl.'s Mem. Supp. Mot. Strike, ECF No. 50-1, at 1). He argues under Rule 56(c)(2) that "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). "It is well-established that evidence that would be inadmissible at trial is inadmissible when deciding a motion for summary judgment." *TIG Ins. Co. v. Tyco Intern'l Ltd.*, 919 F. Supp. 2d 439, 450 (M.D. Pa. 2013) (citing *Gonzalez v. Sec'y of Dep't of Homeland Security*, 678 F.3d 254, 262 (3d Cir. 2012)). "The party objecting to the evidence has the obligation to identify which statements should be struck as inadmissible." *Id.* (citing *AT&T v. Shared Comm'ns Servs.*, No. 93-3492, 1995 WL 555868, at *3 (E.D. Pa. Sept. 13, 1995)).

Plaintiff contends that Exhibit 22 should be stricken as inadmissible under Rule 56(c)(2) because "is not relevant to a determination of the issues in the instant case." (Pl.'s Mem. Supp. Mot. Strike, ECF No. 50-1, at 1). "Evidence is relevant if . . . it has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." F.R.E. 401(a), (b). Relevance is a liberal standard. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 587 (1993) (stating the "basic standard of relevance is thus a liberal one.").

Plaintiff has failed to show that Defendant's Exhibit 22 would be inadmissible at trial, and thus his Motion is denied. *TIG Ins. Co.*, 919 F. Supp. 2d at 450. Defendant's Exhibit 22 meets the standard for relevance set forth in Rule 401. Mr. DiFlorio's testimony—and the exhibits and documents he relied upon showing the number of shifts Plaintiff worked—are relevant to determining a "fact of consequence" in this action; specifically, whether Plaintiff worked in "Covered Employment" within the meaning of the Pension Plan. (Aff. of DiFlorio,

¶¶ 8-9). Plaintiff needed to work 260 shifts to be within "Covered Employment." Defendants' Exhibit 22, consisting of testimony and documents showing how many shifts Plaintiff worked, would plainly be deemed relevant at trial and admissible. Accordingly, Plaintiff's Motion to Strike Defendants' Exhibit 22 is denied.

      **B.**     **Motion to Strike Defendants' Exhibit 21**

In Plaintiff's second Motion, he argues Defendants' Exhibit 21 should be stricken, relying upon Federal Rule of Civil Procedure 56(c)(4). (Pl.'s Mot. Strike D-21, ECF No. 51). As above, Rule 56(c)(4) provides "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

Defendants' Exhibit 21 is an affidavit submitted by Defendants' counsel, wherein he describes the documents Defendants sent to Plaintiff pursuant to Federal Rule of Civil Procedure 26(a)(1) which requires a party to provide "a copy . . . of all documents . . . [the party] may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(a)(ii). Mr. Katz avers: "[o]n August 2, 2017 I sent to Plaintiff, Michael W. McCarrin, Esquire, by first class mail Defendants' Initial Disclosure Pursuant to F.R.C.P. 26(a)(1). [] Attached to this Affidavit as Exhibit D-1 is my letter of transmittal. Attached as Exhibit D-2 is Defendants' Initial Disclosures. Paragraph 2 of D-2 lists documents which were enclosed with the Disclosures. Certain of those documents are referenced below and attached to this Affidavit." (Defs.' Exs. Supp. Mot. Summ. J., ECF No. 45-20, at ¶¶ 2-3 (Aff. of Katz)). The documents include letter communications between Plaintiff and the Pension Administrator, the Pension Plan documents and amendments, and Plaintiff's hours and contributions report. (*Id.* at ¶¶ 1-21). For example, the affidavit provides, "D-6 is the

8

letter dated April 4, 2016 from Plaintiff to Diane Binck appealing the administrative denial of his claim for Pension benefits." (*Id.* at ¶ 7). "D-7 is the letter dated April 6, 2016 from Plaintiff to Diane Binck providing supplemental information in support of his appeal." (*Id.* at ¶ 8). "D-16 is the 2001 Amended and Restated Pension Plan Document for [the fund] and the 2005, 2006, 2007, 2008 and 2009 Amendments thereto." (*Id.* at ¶ 17). The affidavit catalogs and describes Defendants' Exhibits D-1 through D-25. (*Id.* at ¶¶ 1-23).

Plaintiff argues Defendants' Exhibit D-21 should be stricken because the affidavit was made without personal knowledge and would be inadmissible at trial. Fed. R. Civ. P. 56(c)(4). First, he argues the affiant, Mr. Katz, "has no personal knowledge concerning said documents" and "[t]he affiant does not claim personal knowledge." (Mem. of Law Supp. Mot. Strike, ECF No. 51-1, at 3). Plaintiff is mistaken. Mr. Katz's affidavit does nothing more than identify and catalog the documents that Mr. Katz personally sent to Plaintiff pursuant to Rule 26(a)(1), and which Defendants now rely on to support their Motion for Summary Judgment. (Aff. of Katz, ECF No. 45-20). Plaintiff's challenge on lack of "personal knowledge" to documents that Mr. Katz himself assembled and forwarded to Plaintiff is inaccurate.

Second, Plaintiff argues Defendants' Exhibit D-21 "is hearsay and should be stricken as Plaintiff objects to it." (Mem. of Law Supp. Mot. Strike, ECF No. 51-1, at 1, 3). "In this circuit, hearsay statements can be considered on a motion for summary judgment if they are capable of admission at trial." *Shelton v. Univ. of Med. & Dentistry of N.J.*, 223 F.3d 220, 223 n.2 (3d Cir. 2000); *see also Palfrey v. Jefferson-Morgan Sch. Dist.*, 355 F. App'x 590, 593 n.1 (3d Cir. 2009) (providing that hearsay evidence in a "motion for summary judgment may be considered if the out-of-court declarant could later present that evidence through direct testimony, i.e., in a form that would be admissible at trial.") (citing *J.F. Feeser, Inc. v. Ser-A-Portion, Inc.*, 909 F.3d 1524,

1542 (3d Cir. 1990)). "While hearsay evidence in an affidavit [on] summary judgment may be considered if the out-of-court declarant could later present the evidence through direct testimony . . . a party must respond to a hearsay objection by demonstrating that the material would be admissible at trial under an exception to [the] hearsay rule, or that the material is not hearsay." *Williams v. Pennridge Sch. Dist.*, No. 15-4163, 2018 WL 6413314 at *11 n.5 (E.D. Pa. Dec. 6, 2018) (quoting *Bouriez v. Carnegie Mellon Univ.*, No. 02-2104, 2005 WL 2106582, at *9 (W.D. Pa. Aug. 26, 2005)).

Plaintiff's Motion to strike Exhibit D-21 is denied. Plaintiff's hearsay objection to this affidavit is difficult to understand. Hearsay, of course, is an out of court statement offered for the truth of the matter asserted. Fed.R.Evid. 801; *see also United States v. Battaglini,* 751 Fed. Appx. 242 (3d. Cir. 2018). Mr. Katz's affidavit does nothing more than "set[] forth the actions that Defendants undertook through their counsel to comply with F.R.C.P. 26(a)(1) and attaches for the records those documents that were produced as part of the discovery process." (Def.'s Resp. to Mot. Strike D-21, ECF No. 56). Plaintiff does not explain how this affidavit is offered for "the truth of the matter asserted." Plaintiff's Motion to Strike Exhibit D-21 is denied.

### C. Motion to Strike Defendants' Exhibit D-23

Plaintiff's third Motion seeks to strike Defendants' Exhibit 23, an Affidavit from Ms. Diane Binck. (Pl.'s Mot. Strike, ECF No. 52; *see also* Defs.' Exs. Supp. Mot. Summ. J., ECF No. 45-22 (Aff. of Binck)). Ms. Binck is a Pension Processor employed by the Third-Party Administrator which maintains the pension records for Newspaper and Magazine Employees Union and Philadelphia Publishers Pension Plan. (Aff. of Binck, ECF No. 45-22, at ¶¶ 1-7).

Plaintiff moves to strike Defendant's Exhibit D-23 under Rule 54(c)(4), again arguing that "[s]tatements made by the affiant are without personal knowledge and are hearsay and or

10

irrelevant." (Mem. of Law Supp. Mot. Strike, ECF No. 52-1, at 2). I disagree. First, Ms. Binck stated, "I reviewed the Plan's records to determine [Plaintiff's] work history," and ascertained that he did not work enough shifts to qualify under the Pension Plan. (Aff. of Binck, ECF No. 45-22, at ¶ 8). Thus, she had personal knowledge because she reviewed the business records maintained by her employer in administering Defendants' Pension Plan. Second, the documents she relied upon are not hearsay, as they fall within the business records exception to hearsay: She reviewed business records her employer prepared in the regular course of business as the Pension Plan's Third-Party Administrator, and in that capacity her employer "maintain[s] records of Participant employment history for purposes of tracking employment services for which a Participant should be credited under the terms of the applicable Pension Plan Documents." (*Id.* at ¶ 5); F.R.E. 803(6). Lastly, Ms. Binck's testimony and the business records she relied upon satisfy the relevance standard, as the documents indicate how many shifts Plaintiff worked during the relevant time period, and thus are relevant to determining whether Plaintiff worked enough shifts to qualify as "Covered Employment" within the Pension Plan. *See* F.R.E. 401.

Accordingly, because Plaintiff has failed to show that Exhibit D-23 was made without personal knowledge or would be inadmissible at trial, his Motion is denied. Fed R. Civ. P. 56(c)(4).

  **D.**   **Motion to Strike Defendants' Exhibits D-14, D-15, D-16, D-17, D-18, D-24, & D-25**

Plaintiff's last Motion to Strike is directed to seven of Defendants' Exhibits. (Mot. Strike, ECF No. 53, Mem. of Law Supp. Mot. Strike, ECF No. 53-1). Plaintiff contends "[a]ll of the material contained in Exhibits D-14, D-15, D-16, D-17, D-18, D-24 and D-25 is irrelevant hearsay and should be stricken." (Mot. Strike, ECF No. 53 at ¶ 8).

Defendants' Exhibits D-14 through D-18 are the Pension Plan documents for the Newspaper and Magazine Employees Union and Philadelphia Publisher Pension Plan. Defendants submitted the Pension Plan in effect at the time of Plaintiff's military service from 1969-71, and all amendments to the Pension Plan since that time. (*See* Exs. Supp. Mot. Summ. J., ECF Nos. 45-13, 45-14, 45-15, 45-16, 45-17). Defendants' Exhibits D-24 and D-25, respectively, are transcripts of depositions that Plaintiff took of Mr. William DiFlorio, a Union Trustee, and Ms. Diane Binck, the Pension Processor at the time Plaintiff applied for a pension. (*Id.* at ECF No. 45-23, 45-24).

Plaintiff's Motion to Strike is denied. Plaintiff contends that the Pension Plan documents (Exhibits D-14 through D-18) should be stricken as irrelevant. (*See* Pl.'s Mot. Strike, ECF No. 53). He has failed to show the Pension Plan documents are irrelevant. Whether Plaintiff worked in "Covered Employment" within the meaning of the Pension Plan to qualify for contributions is a central, and disputed, point. The Pension Plan documents certainly would help determine that "fact of consequence;" namely, whether Plaintiff was in covered employment within the meaning of the Pension Plan. F.R.E. 401. Thus, his challenge on relevance grounds to the Pension Plan documents is denied.

Plaintiff next argues "Defendants seek to use the Deposition of William DiFlorio (D-24) to prove Plaintiff was never a 'Full Time Priority List employee.' Despite the fact that Plaintiff never claimed he was a: 'Full Time Priority List employee.' Mr. DiFlorio's testimony is hearsay and irrelevant." (Mot. Strike, ECF No. 53 at ¶ 6). Plaintiff has failed to show that Mr. DiFlorio would be unable to testify at trial, thus his request to strike the testimony on hearsay grounds is denied. *City of Camden*, 842 F.3d at 238-39; *Shelton*, 223 F.3d at 223 n.2; *Palfrey*, 355 F. App'x at 593 n.1. Additionally, and similar to above regarding Plaintiff's Motion to Strike Mr.

DiFlorio's affidavit, (*see supra*, Part II.A discussing ECF No. 50), Mr. DiFlorio's testimony satisfies the relevance standard because it would help decide a "fact in consequence;" specifically, whether Plaintiff worked as a full-time priority mailer in "Covered Employment" within the meaning of the Pension Plan to qualify for his alleged entitlement of benefits. *See* F.R.E. 401. Accordingly, his request to strike Mr. DiFlorio's testimony is denied.

Plaintiff's request to strike Ms. Binck's testimony is also denied. Plaintiff contends her testimony should be stricken because "[s]he lacks personal knowledge of contributions and pension contribution record keeping her testimony is hearsay and irrelevant." (Mot. Strike, ECF No. 53 at ¶ 7). Ms. Binck testified that she was the Pension Processor for Defendants at the time Plaintiff applied for a pension. (Defs.' Exs. Supp. Mot. Summ. J., ECF No. 45-24, Tr. Dep. Binck, 7/18/18, at 10:1-11:10). She examined the Pension's documents and records of contributions and employment, which "are kept in the permanent records of the Mailers Pension Fund that are in the custody of [the Pension administrator] Fabian & Byrne." (*Id.* 53:2-5). She explained that to receive contributions under the Pension Plan, the individual must be in "Covered Employment" or, put differently, "had to be a full-time regular on the priority list of the company." (*Id.* at 55:8-9). She testified she examined the permanent records of the Pension Fund, and found there were no contributions made on Plaintiff's behalf during the time period at issue because he was not in covered employment as a full-time regular mailer on the priority list. (*Id.* at 54:16-56:14).

Plaintiff first challenges Ms. Binck's testimony alleging she lacks personal knowledge, but this is incorrect. Ms. Binck testified she examined the Pension Fund's contribution records to determine whether Plaintiff was eligible for a pension. (*Id.* at 54:16-23). Thus, she had personal knowledge. He next argues her testimony should be stricken as hearsay, but he has

13

failed to show that Ms. Binck would be unable to testify at trial. Therefore, his argument that her testimony should be stricken on hearsay grounds fails. *City of Camden*, 842 F.3d at 238-39; *Shelton*, 223 F.3d at 223 n.2; *Palfrey*, 355 F. App'x at 593 n.1. Lastly, he argues Ms. Binck's testimony should be stricken as irrelevant. Ms. Binck's testimony satisfies the relevance standard as she was the Pension Processor who examined the Pension's permanently kept contribution records and found that Plaintiff did not receive any contributions because he did not work in "Covered Employment" during the periods at issue. Therefore, her testimony satisfies the relevance standard because it helps determine a "fact of consequence" at issue in this matter: whether Plaintiff was eligible to receive a pension or if he was improperly denied a pension. F.R.E. 401.

Accordingly, Plaintiff's Motion to Strike Defendants' Exhibits D-14, D-15, D-16, D-17, D-18, D-24, and D-25 is denied because he has failed to show the Exhibits would be inadmissible at trial.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's Motions to Strike (ECF Nos. 50, 51, 52, 53) are DENIED. An appropriate Order follows.

BY THE COURT:

   /s/ Lynne A. Sitarski             
LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE